UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.                                                        Case No.: 14-cr-00030 (BAH-2)

MICHAEL BIKUNDI

### DEFENDANT'S MEMORANDUM REGARDING FORFEITURE

Defendant, by and through undersigned counsel, does hereby submit this Memorandum of Law concerning the amount of the forfeiture that can be attributed to him.

**I.**          **STATUTORY AUTHORITY**

The United States seeks forfeiture of specified assets and substitute assets pursuant to 18 U.S.C. § 982 (a)(1), 18 U.S.C. § 982 (a)(7), and 21 U.S.C. § 853.

18 U.S.C. § 982 (a) (1) and (2) very specifically set forth as follows:

>    (a) (1) The court, in imposing sentence on a person convicted of an offense, in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any Property traceable to such property
>
>    (2) The court, in imposing a sentence on a person convicted of a violation of, or a conspiracy to violate----

1

…

shall order that the person forfeit to the United States any property constituting, or derived from, ***proceeds the person obtained*** directly or indirectly, as the result of such Violation.

Emphasis supplied.

18 U.S.C. § 982 (7) states

The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

21 U.S.C. § 853 states in relevant part,

Any person convicted of a violation of this subchapter …punishable by imprisonment for more than one year shall forfeit to the United States…------

(1) any property constituting, or derived from, any ***proceeds the person obtained***, directly or indirectly, as a result of such violation.

Emphasis supplied.

18 U.S.C. 982 § (a)(1) applies to Money Laundering Conspiracy, 18 U.S.C. § 1956(h), and Laundering of Monetary Instruments, 18 U.S.C. 1956 (a)(1)(B)(i). 18 U.S.C. § 987 (7) is the forfeiture provision pertaining to 18 U.S.C. § 1347, Health Care Fraud.

The language of 18 U.S.C. § 982 (a)(1)(B) and 21 U.S.C. § 853 includes the phrase "***proceeds the person obtained.***" The language of 18 U.S.C. 982 (7) does not include the phrase "***proceeds the person obtained***."

Defendant initially submits that he contests the findings of guilt on this case and therefore believes that there was no violation of federal law. Defendant further submits that any funds wrongfully obtained by Global Health Care cannot be attributed to him as he was simply an employee of Global Health Care. Defendant additionally suggests that the testimony adduced at trial established that the vast majority of funds generated by Global HealthCare went into operating costs such as employee salaries and office overhead and were not proceeds obtained by defendant Michael Bikundi. The Affidavit attached from Jeffrey Barsky, C.P.A. evidences that the total amount obtained by the person Michael Bikundi is in the amount of $257,436.00.[1]

*United States v. Cano-Flores*, recently decided by the United States Circuit Court of Appeals for the District of Columbia Circuit, is instructive in assessing the amount of the appropriate forfeiture order. Cano-Flores was

---

[1] Mr. Barsky has additionally analyzed the funds generated by Global Health Care and deducted all appropriate expenses including salaries. The profit of Global Health Care for the duration of the indicted conspiracy is $16,221,292.

3

a member of a drug cartel in Mexico who was responsible for guarding shipments of marijuana and cocaine. He was a "plaza commander" and a "trusted man" in charge of storing, transporting and distributing drugs in his territory.

Cano-Flores was indicted and extradited to the District of Columba to stand trial. Following conviction, a 15 billion forfeiture order was entered as part of his sentence. The basis for the 15 billion dollar forfeiture Order was *Pinkerton* principles which, "characterized the resulting forfeiture calculation as one of joint and several liability." 796 F.3d 83, 90 (D.C. Cir. 2015).

The *Canto-Flores* Court rejected the notion of joint and several liability upheld in other Circuits ruling, "We respectfully disagree, reading that statutory language as providing for forfeiture *only* of amounts "obtained" by the defendant on whom the forfeiture is imposed. Id. 91.

The central part of the Court's analysis related to the word "obtained." The government noted that other courts applied *Pinkerton* and relied on the term "indirectly," arguing that that a co-conspirator "indirectly" obtains proceeds that are foreseeably acquired by a co-conspirator in furtherance of the conspiracy.

The *Cano-Flores* Court rejected joint and several liability in the context of a forfeiture Order and remanded the issue to the trial court.

"Because we conclude that the joint and several calculation procedure erroneously included amounts not obtained by Cano-Flores, we need not reach any of Cano-Flores's other arguments…We vacate the $15 billion forfeiture assessment. " Id. 95.

The amount "obtained" by defendant is nowhere near $80,000,000.00. Viewing the evidence in the light most favorable to the government, the amount obtained by defendant is limited to $257,436.00.

## II.                      Eighth Amendment

The government seeks a forfeiture in the amount of $80,000,000.00. Such a forfeiture, in the factual context of this case, is a clear constitutional violation as it contravenes the Eight Amendment's prohibition against the imposition of excessive fines.

> The Eighth Amendment provides: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Cons., Amdt. 8. …the word fine was understood to mean a payment to a Sovereign as punishment for some offense…The Excessive Fines Clause this limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense. Forfeitures---payments in kind---are such fines if they constitute punishment for an offense.

*United States v. Bajakajian*, 524 U.S. 321, 327-328 (1998), internal quotations and citations omitted.

The largest allowable fine for any of the convicted offenses is

5

$500,000.00. See `18 U.S.C. § 1956 (B) (i). (Laundering of monetary instruments). Therefore, the amount of the proposed forfeiture of $80,000,000.00 is 160 times greater than the maximum statutory fine.

In *United States v. Varrone*, defendant was convicted of an offense that subjected him to forfeiture. The district court sentenced defendant to a period of incarceration and ordered that he pay the maximum statutory fine of $250,000.00. In addition, a forfeiture order of $12,012,924,000 was entered. The forfeiture order also required defendant to forfeit an interest in specified real estate.

Relying on *Bajakajian*, then Circuit Judge Sotomayor ruled that the forfeiture Order be vacated. "This factor [the maximum statutory fine of $250,000.00] weighs against the constitutionality of the forfeiture because the forfeiture amount is forty times the statutory fine range set by Congress." 554 F.3d 327, 332 (2d Cir. 2009).[2]

### III.     Forfeiture Orders Entered Against Co-Defendants

Defendant notes the agreed upon Forfeiture Orders entered against co-defendants in this matter who are more culpable than defendant:

---

[2] Defendant reiterates that, notwithstanding the convictions in this matter, the record does not establish any attempt to conceal or disguise the vast majority of the funds that went to salaries and office overheard.

1. Nicola White: She agreed to a forfeiture Order far less than that being sought against Michael Bikundi. The testimony adduced at trial was that she repeatedly created Medicaid billings for personal home care services that were not medically necessary; paid Medicaid beneficiaries cash kickbacks to sign false timesheets, and forged physician's signatures on intakes and plans of care.

2. Irene Igwacho. She agreed to a minor five figure Order of Forfeiture. Ms. Igwacho agreed that she assisted in the creation of false monthly nurse visit notes, inserted phony nurse notes into patient files, submitted false timesheets to be billed to Medicaid and submitted time sheets for periods when she was out of the country;

3. Elvis Atabe: He agreed to a minor five figure forfeiture Order. Atabe admitted to submitting false timesheets for payment by Medicaid, forging signatures of physicians, using white-out to alter documents, altered plans of care, cut and pasted doctor's signatures, backdated numerous documents and created phony plans of care.

4. Carlson Igwacho: He agreed to a forfeiture Order far less than what the United States is seeking against Michael Bikundi. Mr Igwacho admitted to submitting false timesheets from July 1, 2009 through March

18, 2012 and submitted timesheets for periods when he was out of the country.

Michael Bikundi never forged a physician's signature, did not deliver home aide services and did not create false nursing notes.

Clearly, the imposition of a forfeiture Order is part of a sentence. *United v. States v. Bajakajian, 524 U.S., 327*. A key sentencing principle is that similarly situated individuals should receive similar sentences.

> The court, in determining the particular sentence to be imposed, shall consider---the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

I8 U.S.C. § 3553 (a)(6)

Defendant is a devoted parent of both minor children and adult children and, at the age of 63, has never before been convicted of any criminal offense. His past record is perfect. An Order of Forfeiture that so far exceeds that of his co-defendants finds no justification in this record or in the United States Code.

The disparity between those who cooperated and Michael Bikundi, who exercised his constitutional right to proceed to trial, is far too great to justify the imposition of the government's proposed forfeiture Order.

**IV.          ATTACHMENTS**

Attached to this Motion is an Affidavit from Jeffrey Barsky, C.P.A. and summaries of income generated by Global Health Care and Michael Bikundi individually for 2009 through February, 2014.

**V.          ORDER OF FORFEITURE**

Defendant disputes that any Order of Forfeiture should be entered against him as he maintains his innocence of all charges. However, assuming arguendo the validity of findings of guilt, defendant has attached a proposed Order of Forfeiture.

**VI.          CONCLUSION**

Regardless of the government's theory of liability, whether it be joint and several liability or gross proceeds, there is no legal basis in this jurisdiction for the imposition of the forfeiture Order sought by the government.

                Respectfully submitted,

                _____/s/_____
                Steven R. Kiersh #323329
                5335 Wisconsin Avenue, N.W.
                Suite 440
                Washington, D.C. 20015
                (202) 347-0200

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, on this the ___21st_____day of January 2016. upon all counsel of record.

                                     _____/s/_____
                                      Steven R. Kiersh